ELIZABETH A. EVANS, Respondent, v. NOOB REALTY Co., INC., Appellant, Impleaded with JOSEPH ADAMOWITZ and Others, Defendants.— Order and order as resettled in so far as they direct the receiver to pay plaintiff the balance remaining in his possession, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

LOUISA GIAQUINTO and Another, Respondents, v. CHARLES GRIFFIN and Another, Appellants.— Order denying motion to change the place of trial from Kings county to Ulster county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Tompkins and Davis, JJ., concur; Carswell, J., not voting.

ANNA GUNDERSEN and Another, Respondents, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant.* — Judgment and order reversed on the law and the facts as to plaintiff Anna Gundersen and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order herein said plaintiff stipulate to reduce to $45,000 the amount of the verdict rendered in her favor, in which event the judgment, as so reduced, and the order, are affirmed, without costs. Judgment and order as to plaintiff Hagbart Gundersen affirmed, without costs. Lazansky, P. J., Kapper and Tompkins, JJ., concur; Hagarty and Carswell, JJ., vote for reversal and a new trial on the ground of prejudicial errors committed, even though not excepted to, and in the interests of justice.

CHARLES F. HART, Respondent, v. J. CHEEVER COWDIN, Appellant, and ALBERT FRANKE, Defendant.† — Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Plaintiff, respondent, sued to recover for services rendered and disbursements incurred as an engineer in connection with the planning of polo fields at the Rockaway Hunting Club. Defendant Cowdin, a member of the club and chairman of the polo committee, was sued upon the theory of implied warranty of authority to act for the club. Actual intention that plaintiff was to perform services upon defendant Cowdin's implied warranty of authority is not sustained by the facts and circumstances. Upon this ground alone we think the complaint may be dismissed. Defendant Cowdin is not responsible for " continuing assertions " (Moore v. Maddock, 251 N. Y. 420) alleged to have been made subsequent to 1922, since plaintiff makes no claim for services rendered and disbursements incurred after that time. The Statute of Limitations began to run against plaintiff's claim in 1923, at which time plaintiff might have demanded payment. The action is barred by the six-year limitation since it was not begun until 1931. Kapper, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., votes for reversal and a new trial on the ground that there was a question of fact which should have been submitted by the court to the jury. The Statute of Limitations is not a bar.

* Affd., 266 N. Y. —.                    † Affd., 266 N. Y. —.