■ BLOOMFIELD BUILDING WRECKERS, INC., Appellant, v CITY OF TROY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered October 26, 1973 in Rensselaer County, which granted defendant's motion to dismiss the complaint on the ground that plaintiff had failed to file a timely notice of claim as required by section 50-e of the General Municipal Law. Plaintiff seeks recovery for alleged damages arising from defendant's improper refusal to issue a demolition permit. The gravamen of plaintiff's complaint is in tort thus requiring compliance with section 50-e of the General Municipal Law. The cause of action was not for a continuing wrong but instead accrued on January 11, 1972 when defendant refused plaintiff's request for a demolition permit for a second time *(Band v Town of Colonie,* 36 AD2d 785). Moreover, there is no merit in plaintiff's other contentions, particularly that defendant's lack of prejudice should preclude its being held to the time requirements of section 50-e *(Pugh v Board of Educ. Cent. Dist. No. 1-Fayetteville-Manlius School Dist.,* 38 AD2d 619, affd. 30 NY2d 968). Accordingly, the notice of claim not being timely, the order appealed from must be affirmed. Order affirmed, without costs. Koreman,

Main and Reynolds, JJ., concur; Greenblott, J. P., and Larkin, J., dissent and vote to reverse in the following memorandum by Greenblott, J. P. Greenblott, J. P., (dissenting). To fulfill a contract entered into with the State, the plaintiff corporation applied to the defendant City of Troy for demolition permits for some 53 buildings. The city, however, refused to issue such permits, stating that the plaintiff could not make use of the city-owned and operated land-fill site for disposal of demolition materials. The plaintiff then commenced an article 78 proceeding to compel the city manager, the commissioner of buildings and the City of Troy to issue a demolition permit and to permit dumping at this site. Following a trial of the issues, the court entered judgment on January 7, 1972 in favor of the plaintiff directing that the city issue the permits necessary for the demolition of the buildings and, further, that the plaintiff be permitted to use the city-owned land-fill site upon payment of the established fees required of others for like use. On January 11, 1972 the plaintiff again applied for demolition permits and again the city refused. On January 14, 1972 the City of Troy filed a notice of appeal to this court from the judgment entered by the trial court. On February 25, 1972, the plaintiff moved in this court to dismiss the appeal, and on March 6, 1972 this court dismissed the appeal unless prosecuted by the city by April 12, 1972. The city did not thereafter prosecute this appeal. Subsequently, on May 22, 1972, the plaintiff served a notice of claim upon the City of Troy, and on May 7, 1973 commenced an action against the city seeking damages allegedly resulting from the wrongful refusal to issue the permits. Upon a motion to dismiss by the city, the trial court held that the plaintiff had failed to file a timely notice of claim within 90 days of accrual of its cause of action as required by section 50-e of the General Municipal Law and thus entered an order dismissing the plaintiff's cause of action. It is from this order of the trial court that the instant appeal has been taken. The majority holds that the cause of action accrued upon the date of plaintiff's demand for a permit subsequent to entry of judgment in its favor in the article 78 proceeding, and thus concedes that its cause of action did not accrue until a determination of its rights in that proceeding. However, the effect of that judgment was automatically stayed by the city's notice of appeal (CPLR 5519, subd [a]), wherefore the city could not be compelled to issue the permit while the appeal was pending. Plaintiff should not be deprived of its cause of action because of its reasonable election to await the outcome of that appeal. Moreover, the city's efforts to overturn a judgment directing issuance of the permits can be regarded as a continuing act so as to be distinguishable from the single act of permit revocation in *Band v Town of Colonie* (36 AD2d 785). Therefore, the cause of action for damages resulting from wrongful refusal to issue the permit should be deemed to have accrued only when the city's stay of judgment expired, which was April 12, 1972, when the city's appeal was dismissed for failure to prosecute. Service of the notice of claim on May 22, 1972 was therefore timely. We therefore dissent and vote to reverse the order appealed from.