■ SHIRLEY PEKAR, Appellant, v TOWN OF VETERAN et al., Respondents. —Appeal from an order of the Supreme Court at Special Term, entered October 21, 1977 in Chemung County, which granted defendants' motion to dismiss the complaint. On July 23, 1975 plaintiff filed a final plot plan for the subdivision of certain land in defendant Town of Veteran with the planning board. Plaintiff made a demand by letter on September 22, 1975 that the town clerk issue a certificate that said plan had been approved. The planning board disapproved the plan on September 30, 1975 and the town clerk refused to issue such a certificate. A judgment directing the town clerk to issue a certificate attesting to the board's approval was affirmed by this court in June, 1977 (Matter of Pekar v Town of Veteran Planning Bd., 58 AD2d 703). On May 12, 1976 plaintiff filed a notice of claim pursuant to section 50-e of the General Municipal Law against the Town of Veteran alleging damage due to defendants' arbitrary, capricious and discriminatory delay and obstruction of her applications. This action was commenced in June, 1977 alleging in the first cause of action against the Town of Veteran, the planning board, the town clerk and the town highway superintendent that all were involved in the delay referred to in the notice of claim and as a result plaintiff was damaged in the amount of $70,848.16. Plaintiff's second cause of action seeks damages against the same officials, all in their individual capacities, alleging that they acted illegally and in an arbitrary, capricious and discriminatory manner toward plaintiff and that their actions have been under color of State law and have violated plaintiff's constitutional rights of due process and equal protection all contrary to the provisions of sections 1981 and 1983 of the Federal Civil Rights Act [US Code, tit 42]. Special Term held that the first cause of action should be dismissed for failure to comply with section 50-e of the General Municipal Law and that the complaint failed to state a cause of action. The complaint was dismissed and this appeal ensued. The gravamen of plaintiff's first cause of action is in tort thus necessitating compliance with section 50-e of the General Municipal Law which requires that notice of the claim be served within 90 days after the claim arose. The cause of action was not for a continuing wrong but accrued in September, 1975 when the refusal to issue plaintiff a certificate occurred (see Bloomfield Bldg. Wreckers v City of Troy, 50 AD2d 673, affd 41 NY2d 1102). Consequently, plaintiff's notice of claim was not timely filed. Plaintiff's argument that this action was founded in equity is without merit. As regards the second cause of action, we are of the view that the actions of the defendants concerning acceptance of plaintiff's subdivision plan and issuance of a certificate involved the exercise of discretion. Accordingly, personal liability for the individual defendant's action or inaction cannot be asserted (Wolcott v Broughton, 57 AD2d 1022). In addition, plaintiff's allegations in the second cause of action are merely conclusory claiming violation of constitutional rights and Federal civil rights with a complete absence of factual allegations in support thereof. The second cause of action, therefore, was properly dismissed (Zelenski v Incorporated Vil. of Patchogue, 51 AD2d 1055; Taylor v State of New York, 36 AD2d 878). The order dismissing the complaint should be affirmed. Order affirmed, with costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.