■ LEE O. AKINS, Doing Business as AKINS ASSOCIATES, Appellant, v VILLAGE OF POTSDAM, Respondent.—Appeals from orders of the Supreme Court at Special Term, entered April 27, 1977 and January 31, 1978 in St. Lawrence County, which dismissed complaints in two separate actions. Although there is disagreement as to the facts, since we are reviewing decisions upon motions to dismiss complaints (CPLR 3211, subd [a], par 7), we will accord a liberal construction to the allegations in the complaints (Kober v Kober, 16 NY2d 191; Colton v New York Hosp., 53 AD2d 588). Our recitation of the facts will be derived primarily from the complaint in plaintiff's second action. It appears that the plaintiff, who conducts a professional engineering and land surveying business under the name Akins Associates, was engaged during February, 1972 to perform professional services for the Village of Potsdam in connection with a proposed water project. The first portion of these services was to be the preparation of a physical analysis and the second portion was to be the designing of the project. According to the complaint in plaintiff's second action, he completed the physical analysis in June, 1974, at which time he was orally told by the village board not to go forward with the final design documents until it was determined how the project was to be financed. Plaintiff further alleges that he was also then advised that he should not bill the village for work already performed, of the asserted value of $9,262.53, because there were no funds with which to pay him. Plaintiff claims that from June 1, 1974 to November, 1976 he periodically consulted with the defendant's village board and its representatives and was told each time that as soon as money was available he could proceed with the design phase. He states that during this time he also informed the village that his fee for work already performed was $9,262.53. It is plaintiff's contention that it was not until November, 1976 that the defendant gave him notice that (1) it did not intend to go forward with the water project as proposed by plaintiff, and (2) it did not

intend to pay the full amount claimed by plaintiff, but rather would pay a compromise sum of $7,000. Plaintiff commenced an action to recover his fee by a summons served during February, 1977. The defendant moved to dismiss, pursuant to CPLR 3211 (subd [a], par 7), on the ground that plaintiff had failed to comply with CPLR 9802, which provides in relevant part: "Except as provided otherwise in this chapter no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued". In opposition to said motion defendant conceded that the requirements of CPLR 9802 had not been met, but argued that the contract was "open ended", that it had not been terminated and remained in effect, and, therefore, the action should not be dismissed on the merits. By order dated April 21, 1977 Special Term granted defendant's motion and dismissed the complaint. After apparently filing a notice of claim on June 3, 1977, plaintiff commenced a second action in October, 1977. Again seeking the sum of $9,262.53 for the physical analysis performed in connection with the water project, plaintiff set forth causes of action for (1) breach of the original contract, (2) *quantum meruit,* and (3) estoppel from reliance upon CPLR 9802. This action was dismissed by Special Term order dated January 26, 1978. The orders appealed from must be affirmed. Plaintiff's cause of action accrued on June 1, 1974 when he completed the performance of the services which were the subject of these actions and, therefore, might have demanded payment from the defendant *(Hart v Cowdin,* 242 App Div 702, affd without opn 266 NY 472). The claim of a continuing or "open ended" contract, based entirely upon alleged oral representations, is defeated by section 17-101 of the General Obligations Law. As such, plaintiff's claim, regardless of which action we review, is barred by CPLR 9802. Although there has been a recent expansion of the doctrine of estoppel in notice of claim and Statute of Limitations situations involving municipalities (see *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662; *Matter of Barrow v New York City Housing Auth.,* 59 AD2d 780), in our view plaintiff's reliance upon unsubstantiated, and apparently unauthorized, oral representations by municipal officials falls far short of the showing necessary to invoke this doctrine *(Seif v City of Long Beach,* 286 NY 382; 21 NY Jur, Estoppel, § 81). Orders affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.