■ Ayvee Construction Co., Inc., Appellant, v Village of New Paltz, Defendant and Third-Party Plaintiff-Respondent. Brinnier & Larios, P. C., et al., Third-Party Defendants-Respondents. — Appeal from an order of the Supreme Court at Special Term, entered December 4, 1979 in Ulster County, which dismissed the complaint herein because of plaintiff's failure to serve a verified notice of claim upon defendant Village of New Paltz as required by CPLR 9802. In 1977, plaintiff Ayvee Construction Company entered into a contract with defendant Village of New Paltz whereby plaintiff was to perform the work involved in replacing and installing sanitary sewer lines in the Village of New Paltz. It is uncontested that all of plaintiff's work under the contract was completed no later than December of 1977, but plaintiff nonetheless failed to commence the present action for moneys allegedly due and owing under the contract until well over a year later on March 8, 1979. In response, the village served an answer and also began third-party actions against Brinnier & Larios, professional engineers retained for the project, and the Continental Casualty Company on a performance bond. Subsequently, in September of 1979, both the village and Brinnier & Larios moved to dismiss plaintiff's complaint on the ground that plaintiff had failed to serve a verified written notice of claim upon the village as required by CPLR 9802. Special Term granted the motions, and plaintiff now appeals. We hold that the dismissal of the complaint should be affirmed. CPLR 9802 provides, in pertinent part, that no action shall be maintained against a village upon or arising out of a contract of the village "unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued". Here, the complaint fails to allege the necessary compliance with CPLR 9802, and it is clear and plaintiff concedes, at least by inference, that it failed to file the requisite claim. Such being the case, Special Term properly dismissed the complaint *(Akins v Village of Potsdam,* 65 AD2d 835; *Lupinski v Village of Ilion,* 59 AD2d 1050). In so ruling, we reject plaintiff's contention that it substantially complied with the mandates of the statute. Admittedly, there may have been communications between the parties relative to payment by the village for services provided by plaintiff. Significantly, however, the village was not notified within one year of the accrual of the subject claim that plaintiff was contemplating legal action on the claim. As a result, the requirements of CPLR 9802 have plainly not been met, and the circumstances presented likewise do not serve to estop the village or Brinnier & Larios from relying upon CPLR 9802 in their respective motions to dismiss the complaint (see *Akins v Village of Potsdam, supra).* Plaintiff's remaining arguments are also without merit. The notice provisions of CPLR 9802 constitute a condition precedent to the instant action to be pleaded and proven by plaintiff, and they are not in the nature of a Statute of Limitations which the village should assert as an affirmative defense *(Salesian Soc. v Village of Ellenville,* 41 NY2d 521). Similarly, these provisions should be regarded either "as permissible qualifications upon a legislatively created right or as reasonable conditions for the exercise of a common-law right" *(Salesian Soc. v Village of Ellenville, supra,* p 524), and, as such they obviously do not violate the equal protection clause of the United States Constitution merely because there are no analogous provisions for actions against cities and counties. As for plaintiff's further contention that CPLR 9802 is not applicable to this case because the cause of action is not grounded in contract, this assertion is rebutted by the wording of the summons and complaint. Moreover, even if plaintiff were proceeding under a *quantum meruit* rather than a contract

theory, the claim would be barred by CPLR 9802 because it was not commenced within one year of its accrual. Lastly, plaintiff's assertions as to notice requirements in tort actions and the liberal construction of section 50-e of the General Municipal Law are irrelevant to the present appeal. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.