■ SHELDON H. SOLOW, Appellant, v IRVING LIEBMAN, Respondent.—In an action, *inter alia,* for a permanent injunction prohibiting the defendant from committing a nuisance, the plaintiff appeals (1) from so much of an order of the Supreme Court, Suffolk County (Hand, J.), entered March 31, 1989, as denied him leave to serve a supplemental summons and amended complaint and (2) as limited by his brief, from so much of an order of the same court, entered September 8, 1989, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered March 31, 1989, is dismissed, as that order was superseded by the order

entered September 8, 1989, made upon reargument; and it is further,

Ordered that the order entered September 8, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, Sheldon Solow, commenced this action on November 24, 1986, against the defendant, Irving Liebman, seeking an injunction and damages in connection with Liebman's construction of a home on his adjoining oceanfront property. Solow alleged that Liebman, in the execution of this project, had altered, damaged, or destroyed the dune area, causing a substantial hazard to his property. Almost two years later, by notice of motion dated October 6, 1988, Solow moved to add the Village of East Hampton (hereinafter the Village) as a defendant and for permission to serve an amended summons and supplemental complaint on the Village. The supplemental complaint alleged that, by reason of the trickery and deceit of Liebman or his agents and employees, the Village approved and cooperated in the execution of Liebman's construction project in such a manner as to mislead Solow and other adjoining landowners and interested persons as to the true nature of that construction. The proposed amended complaint sought extensive monetary damages and an injunction prohibiting the Village from issuing a certificate of occupancy, or, if a certificate of occupancy had been issued, compelling it to revoke that certificate until a house was constructed in a location in accordance with the zoning laws of the Village, State and Federal governments.

By order entered March 21, 1989, the court denied Solow's motion, holding that the proposed supplemental summons and amended complaint failed to comply with CPLR 9802 which required, *inter alia*, that a notice of claim be served in compliance with General Municipal Law § 50-e. Solow moved for reargument, arguing that, since he requested only equitable relief, no notice of claim was required. By order entered September 8, 1989, the court upon granting reargument, adhered to its prior determination. We agree.

CPLR 9802 sets forth the procedure by which certain actions against villages may be maintained. In addition to providing for the maintenance of contract actions against villages, the statute also provides, in pertinent part, that *"no other action* shall be maintained against [a] village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of

claim shall have been made and served in compliance with section fifty-e of the general municipal law". The "no other action" language contained in CPLR 9802 permits no exceptions (see, Genesee Brewing Co. v Village of Sodus Point, 126 Misc 2d 827, affd 115 AD2d 313; see also, Schenker v Village of Liberty, 261 App Div 54, affd 289 NY 788). Accordingly, the absence of a notice of claim was fatal to Solow's claim and the Supreme Court properly denied his motion to serve a supplemental summons and amended complaint on the Village. To the extent that our decision in Stiger v Village of Hewlett Bay Park (283 App Div 827) conflicts herewith, it is hereby overruled. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.