■ SHELDON H. SOLOW, Appellant, v IRVING LIEBMAN, Respondent. [609 NYS2d 58] —In an action, *inter alia,* to permanently enjoin the defendant from committing a nuisance, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 27, 1991, which, *inter alia,* denied his motion (1) to add the Incorporated Village of East Hampton as a defendant to this action, and (2) for leave to serve a supplemental summons and amended complaint against it.

Ordered that the order is affirmed, with costs.

Pursuant to the mandate of CPLR 9802, the plaintiff was required to serve a notice of claim upon the Village of East Hampton in compliance with General Municipal Law § 50-e, i.e., within 90 days of the accrual of the cause of action *(see, Nassau County v Incorporated Vil. of Roslyn,* 182 AD2d 678; *Solow v Liebman,* 175 AD2d 867). The plaintiff's attempt to circumvent this requirement by alleging that the claims asserted in the proposed amended complaint against the Village arise from a "continuing wrong", i.e., the wrongful issuance to the defendant, a neighboring landowner, of a building permit and certificate of occupancy, are unavailing. A cause of action involving the wrongful issuance of a building permit accrues when the permit is issued *(see, Curtis Case v City of Port Jervis,* 150 AD2d 421), and does not constitute a continuing wrong *(see, Bloomfield Bldg. Wreckers v City of Troy,* 50 AD2d 673, *affd* 41 NY2d 1102; *Matter of Waterside Assocs. v New York State Dept. of Envtl. Conservation,* 127 AD2d 663, *affd* 72 NY2d 1009; *Pekar v Town of Veteran,* 65 AD2d 651; *Band v Town of Colonie,* 36 AD2d 785). Accordingly, the Supreme Court properly concluded that the plaintiff's failure to serve a timely notice of claim required rejection of the "legally insufficient" proposed amended complaint *(see, Matter of Consolidated Edison Co. [Neptune Assocs.],* 143 AD2d 1012).

In light of our determination, we do not address the parties' remaining contentions. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.