■ VINCENT GRECO et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT, Appellant, et al., Defendants. [637 NYS2d 191] —In an action, *inter alia*, for a declaratory judgment and injunctive relief, the defendant Incorporated Village of Freeport appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 28, 1994, which denied its motion for summary judgment dismissing the complaint against it and permitted the plaintiffs to serve a notice of claim nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Incorporated Village of Freeport, and the action against the remaining defendants is severed.

We agree with the defendant Incorporated Village of Freeport (hereinafter the Village) that the court erred in permitting the plaintiffs to serve a late notice of claim nunc pro tunc because the applicable periods in which the notice must be served had expired. Pursuant to the mandates of CPLR 9802 and General Municipal Law § 50-e, the plaintiffs were required to serve a notice of claim upon the Village within 90 days after the accrual of their cause of action for an injunction, and within one year after the accrual of their cause of action to recover for breach of contract (*see, Salesian Socy. v Village of Ellenville*, 41 NY2d 521, 523; *Solow v Liebman*, 175 AD2d 867; *Ayvee Constr. Co. v Village of New Paltz*, 78 AD2d 942). Under CPLR 9802, a cause of action for breach of contract must be commenced within 18 months after the cause of action accrued.

The plaintiffs' claim that no notice is required when equitable relief is sought is not tenable (*see, Solow v Liebman, supra*). Also unavailing is the plaintiffs' attempt to circumvent the service requirements by alleging that the claims asserted in the complaint against the Village arise from the wrongful issuance of building permits to the neighboring landowners and that the wrongful issuance of building permits constitutes a "continuing wrong". A cause of action involving the wrongful issuance of a building permit accrues when the permit is issued (*see, Solow v Liebman*, 202 AD2d 493; *Curtis Case v City of Port Jervis*, 150 AD2d 421) and does not constitute a continuing wrong (*see, Solow v Liebman*, 202 AD2d 493, *supra; Bloomfield Bldg. Wreckers v City of Troy*, 50 AD2d 673, *affd* 41 NY2d 1102). The remaining claim that the neighboring landowners' erection of stop signs, construction of additional boat slips, and

valet parking constitute continuing wrongs is not persuasive as a distinction must be drawn "between the originating wrongful act and the continuing, perhaps perpetual, adverse consequences of the wrongful act" (*Jensen v General Elec. Co.*, 82 NY2d 77, 89).

Although the plaintiffs contend that the Village had actual notice of the essential facts from which the litigation arose and would not be prejudiced by the late service, in no event shall such an extension "exceed the time limit for the commencement of the action by the claimant against the public corporation" (General Municipal Law § 50-e [5]). The court is powerless to permit a nunc pro tunc filing if the applicable limitations period has expired (*see, Guillan v Triborough Bridge & Tunnel Auth.*, 202 AD2d 472; *Pierson v City of New York*, 56 NY2d 950).

All of the acts complained of here occurred between 1985 and September 26, 1990, and the time to serve the notice of claim expired as to the majority of the claims before the complaint was filed. Even assuming that the more generous 18-month time period under CPLR 9802 was the only applicable period, the plaintiffs would then have been required to comply with the notice of claim requirements as to the claim arising on September 26, 1990, by March 25, 1992. Having failed to do so, the court erred in permitting a filing nunc pro tunc in 1994. Accordingly, summary judgment should have been granted, and the order must be reversed.

In light of our determination, we do not address the parties' remaining contentions. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.