■ JOHN F. JUDSKI et al., Appellants, v VILLAGE OF JOHNSON CITY, Respondent. [640 NYS2d 362] —White, J. Appeal from an

order of the Supreme Court (Rose, J.), entered March 30, 1995 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

By summons and complaint dated March 1, 1993, plaintiffs allege that they entered into a real estate purchase-sale contract with defendant on August 8, 1990 which provided for a closing on or about August 30, 1990. Defendant never purchased the subject parcel and plaintiffs commenced this action for breach of contract. Defendant's answer denied plaintiffs' principal allegations and set forth various affirmative defenses. Thereafter, defendant moved for summary judgment demonstrating, *inter alia*, that plaintiffs had not filed (or alleged filing of) a written verified claim as required by CPLR 9802. Supreme Court granted the motion, prompting this appeal.

We affirm. Compliance with the CPLR 9802, which requires timely filing of a written verified claim, is a condition precedent to be pleaded and proved by the party bringing a breach of contract action against a village (*see, Salesian Socy. v Village of Ellenville*, 41 NY2d 521, 523; *Stage v Village of Owego*, 39 NY2d 1017, *affg on mem below* 48 AD2d 985). As plaintiffs failed to plead the filing of a verified claim (and have admittedly failed to file such a claim), the complaint failed to state a cause of action and was properly dismissed (*see, Martz v Incorporated Vil. of Val. Stream*, 210 AD2d 205, *lv dismissed, lv denied* 85 NY2d 955; *Solow v Liebman*, 175 AD2d 867, 869, *lv dismissed* 79 NY2d 977).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.