■ SHELDON H. SOLOW, Appellant, v INCORPORATED VILLAGE OF EAST HAMPTON et al., Respondents. [727 NYS2d 907] —In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 15, 2000, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 9802 provides, in pertinent part, that "no other action shall be maintained against [a] village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law." In commencing the instant action, the plaintiff relied upon a notice of claim filed in November 1989, which this Court previously determined was untimely (see, Solow v Liebman, 202 AD2d 493). Thus, in the absence of a timely notice of claim, the Supreme Court properly dismissed the action. In addition, we agree with the Supreme Court that based on prior litigation in a related action (see, Solow v Liebman, 175 AD2d 867; Solow v Liebman, 202 AD2d 493; Solow v Liebman, 262 AD2d 633), the principles of collateral estoppel and res judicata bar the instant action. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.