■ MELVYN KAUFMAN, Appellant, v VILLAGE OF MAMARONECK, Respondent. [729 NYS2d 778] —In an action, *inter alia*, to recover damages for gross negligence and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 4, 2000, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

It is well settled that in considering a motion to dismiss pursuant to CPLR 3211 (a), the allegations in the complaint must be deemed to be true and accorded every favorable inference (*see, Cron v Hargro Fabrics,* 91 NY2d 362; *DiStefano v Nabisco,*

282 AD2d 704). Even according the plaintiff every favorable inference, the action is untimely.

The plaintiff was required to serve a notice of claim upon the defendant within 90 days after the accrual of the causes of action pursuant to General Municipal Law § 50-e. Compliance with this provision is a condition precedent to the maintenance of an action against a municipal entity (*see, Thomas v Town of Oyster Bay,* 190 AD2d 731). It is uncontroverted that the plaintiff did not serve notice pursuant to General Municipal Law § 50-e. Further, a cause of action involving the issuance of a building permit accrues when the permit is issued and does not constitute a continuing wrong (*see, Greco v Incorporated Vil. of Freeport,* 223 AD2d 674; *Solow v Liebman,* 202 AD2d 493). Therefore, the causes of action are time-barred and the complaint is dismissed.

Additionally, where the controversy could have been resolved in a proceeding pursuant to CPLR article 78, the four-month Statute of Limitations applies (*see,* CPLR 217; *Press v County of Monroe,* 50 NY2d 695). Here, to the extent that the injunctive relief sought by the plaintiff was intended to compel the defendant to enforce its local zoning code, the action should have been brought pursuant to CPLR article 78 (*see generally, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753). Accordingly, the applicable Statute of Limitations in the present case is the four-month period afforded for proceedings brought pursuant to CPLR article 78, and the instant action was not timely commenced.

The plaintiff's remaining contentions need not be reached and, in any event, are without merit. O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.