■ In the Matter of MELVYN KAUFMAN, Appellant, v OFFICE OF BUILDING INSPECTOR, VILLAGE OF MAMARONECK, Respondent. [743 NYS2d 880] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Office of the Building Inspector, Village of Mamaroneck, to review a determination with respect to the issuance of a building permit, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 8, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court properly denied the petition. The remedy of mandamus is the appropriate remedy to enforce the performance of a ministerial duty. It is not available to compel an act with respect to which an administrative agency may exercise judgment or discretion (*see Klostermann v Cuomo,* 61 NY2d 525, 539; *Matter of Kusky v Town of Islip,* 266 AD2d 460, 461). Here, the Village of Mamaroneck Village Code § 126-15 (a) which the petitioner seeks to compel the respondent to act upon vests discretionary authority in the respondent. As such, mandamus is not the appropriate remedy (*see Matter of Kusky v Town of Islip, supra*).

In any event, the issue presented in this proceeding has already been determined in a prior decision and order of this Court (*see Kaufman v Village of Mamaroneck,* 286 AD2d 666, *lv denied* 98 NY2d 602). Under the doctrine of res judicata, once a claim is brought to a final conclusion, all other claims arising from the same transaction or series of transactions are barred, even if based upon different theories or seeking a different remedy (*see O'Brien v City of Syracuse,* 54 NY2d 353,

357; *Smith v Russell Sage Coll.,* 54 NY2d 185; *Lasky v City of New York,* 281 AD2d 598, 599). Also, the doctrine of collateral estoppel applies if the issue in the second action was raised, necessarily decided, and material in the first action, and if the party had a full and fair opportunity to litigate the issue in the earlier action (*see Pinnacle Consultants v Leucadia Natl. Corp.,* 94 NY2d 426, 432; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349). Here, since the circumstances surrounding the issuance of the subject building permit were raised in an earlier action, and the petitioner had a full and fair opportunity to litigate the issue there, he is barred from raising it again (*see Pinnacle Consultants v Leucadia Natl. Corp., supra; O'Brien v City of Syracuse, supra*). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.