■ MELVYN KAUFMAN et al., Appellants, v VILLAGE OF MAMARONECK, Respondent. [794 NYS2d 669]—

In an action to recover for property damage, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 23, 2003, which granted the defendant's motion to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel.

Ordered that the order is affirmed, with costs.

The court properly dismissed this action on the ground that the claims are barred by the doctrines of res judicata and collateral estoppel (*see Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349 [1999]; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481, 485 [1979]; *Coliseum Towers Assoc. v County of Nassau,* 217 AD2d 387 [1996]). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based on different theories or if seeking a different remedy" (*O'Brien v City of Syracuse,* 54 NY2d 353, 357 [1981]; *CRK Contr. of Suffolk v Brown & Assoc.,* 260 AD2d 530 [1999]). Accordingly, the plaintiffs are barred from maintaining claims herein that were litigated or could have been litigated in prior proceedings (*see Matter of Kaufman v Office of Bldg. Inspector, Vil. of Mamaroneck,* 295 AD2d 349 [2002]; *Kaufman v Village of Mamaroneck,* 286 AD2d 666 [2001]).

In light of this determination, the parties' remaining contentions need not be reached. Adams, J.P., Ritter, Goldstein and Lifson, JJ., concur.