Kane, J.
Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered August 3, 2007 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time-barred.
In the winter of 2001, respondent Town of Berne gave notice to the owner of a certain parcel of property that the residence upon it had collapsed and created an unsafe condition. Respondent Victor Procopio purchased the property and remedied the unsafe condition, leading the Town Board to grant him permission to commence construction of a new residence on the property. The town building and zoning administrator issued Procopio a building permit in October 2001 and renewed it several times, the last time in April 2007.
Petitioner purchased an adjacent lot in 2004. In November 2006, she noticed foundation markers on Procopio’s property *881 and began investigating the situation. Petitioner’s counsel sent a letter to the Town in December 2006 requesting recision of the building permit on the basis that it was issued in violation of town, county and state laws. The Town did not respond to this demand.
In June 2007, petitioner commenced this proceeding seeking to compel the Town to rescind the building permit and prohibit the issuance of future building permits until certain conditions were met. Procopio answered the petition and the Town filed objections in point of law. Supreme Court determined that the Town’s action was final when petitioner sent the letter in December 2006 and, thus, the petition was time-barred. Petitioner appeals. While we apply different reasoning than Supreme Court, we agree that the petition must be dismissed.
A CPLR article 78 proceeding must be commenced within four months of the time that the determination to be reviewed becomes final and binding—for a proceeding in the nature of certiorari to review—or within four months of the agency’s or official’s refusal of the party’s demand for the performance of a mandatory, ministerial act—for a proceeding in the nature of mandamus (see CPLR 217 [1]; see also Matter of Bottom, v Goord, 96 NY2d 870, 872 [2001]; Matter of Heck v Keane, 6 AD3d 95, 96 [2004]).* Petitioner asserts that her proceeding is in the nature of mandamus to compel the Town to rescind the building permit. In reality, petitioner is seeking review of the issuance and renewals of the building permit, alleging that it was issued and renewed in violation of town, county and state laws. Allowing this proceeding to be couched in terms of mandamus would allow any party to begin anew the running of the statute of limitations in a certiorari matter by demanding recision of the original determination the party wishes to challenge. We cannot countenance this attempt to create an end run around the statute of limitations. A challenge to “the issuance [or renewal] of a building permit accrues when the permit is issued [or renewed] and does not constitute a continuing wrong” (Kaufman v Village of Mamaroneck, 286 AD2d 666, 667 [2001], lv denied 98 NY2d 602 [2002]; see Greco v Incorporated Vil. of Freeport, 223 AD2d 674, 674 [1996]). Thus, we must dismiss, as time-barred, petitioner’s challenge to all but the April 2007 renewal of Procopio’s building permit.
A proceeding to review the April 2007 determination cannot *882 stand. The proper method to challenge a decision of the building and zoning administrator’s issuance of a building permit is an administrative appeal to the zoning board of appeals (see Town Law § 267-a [4]). Based upon petitioner’s failure to pursue this administrative remedy, she is foreclosed from raising such a challenge in court (see Matter of Hays v Walrath, 271 AD2d 744, 745 [2000]). Hence, the only timely portion of this proceeding must also be dismissed.
Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner’s reliance on Marcus v Village of Mamaroneck (283 NY 325 [1940]) is misplaced, since that action was for an injunction against the property owner, not a proceeding against a municipality in the nature of mandamus or certiorari.