*617 In an action, inter alia, to recover damages for negligence, trespass, and nuisance, the defendant Incorporated Village of Lattingtown appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered May 20, 2009, as denied that branch of its motion which was to dismiss the second cause of action for injunctive relief insofar as asserted against it for failure to serve a timely notice of claim, the defendant County of Nassau separately appeals, as limited by its brief, from so much of the same order as denied that branch of its separate motion which was to dismiss the second cause of action for injunctive relief insofar as asserted against it for failure to serve a timely notice of claim, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the separate motions of the defendants Incorporated Village of Lattingtown and County of Nassau which were to dismiss the first, third, and fourth causes of action to recover damages for negligence, trespass, and nuisance, respectively, insofar as asserted against each of them for failure to serve a timely notice of claim.
Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the separate motions of the defendants Incorporated Village of Lattingtown and County of Nassau which were to dismiss the second cause of action for injunctive relief insofar as asserted against each of them for failure to serve a timely notice of claim are granted; and it is further,
Ordered that the order is affirmed insofar as cross-appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiffs commenced this action against the Incorporated Village of Lattingtown and the County of Nassau (hereinafter together the defendants) alleging that their negligent maintenance and ownership of a drainage system caused a brick wall on the plaintiffs’ property to collapse. The first, third, and fourth causes of action sought to recover damages for negligence, trespass, and nuisance, respectively. The second cause of action sought an injunction compelling the defendants to repair, fix, and restore the wall at their sole cost and obligation.
The Supreme Court properly granted those branches of the defendants’ separate motions which were to dismiss the first, third, and fourth causes of action insofar as asserted against them for failure to serve a timely notice of claim (see General Municipal Law § 50-e; County Law § 52; CPLR 9802). Contrary *618 to the plaintiffs’ contention, a letter sent by the plaintiff Todd Mendik to the Village’s Commissioner of Highways referring to “our recent conversations over the past few days” regarding the collapse of the wall did not constitute a notice of claim (see General Municipal Law § 50-e [2]; Brown v City of New York, 95 NY2d 389, 393 [2000]; Crair v Brookdale Hosp. Med. Ctr., Cornell Univ., 94 NY2d 524, 531 [2000]). Also contrary to the plaintiffs’ contention, the defendants did not engage in any conduct that would give rise to an estoppel (see Laroc v City of New York, 46 AD3d 760, 761 [2007]; Wade v New York City Health & Hosps. Corp., 16 AD3d 677 [2005]; Walter H. Poppe Gen. Contr. v Town of Ramapo, 280 AD2d 667, 667-668 [2001]).
Further, the Supreme Court should have granted those branches of the defendants’ separate motions which were to dismiss the second cause of action for injunctive relief for failure to time serve a notice of claim. The notice of claim requirements in both County Law § 52 (see Boyle v Kelley, 42 NY2d 88, 91 [1977]; Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 171-172 [2001]) and CPLR 9802 (see Greco v Incorporated Vil. of Freeport, 223 AD2d 674 [1996]; Solow v Liebman, 175 AD2d 867, 869 [1991]) encompass causes of action for equitable relief.
The parties’ remaining contentions are without merit or need not be reached in light of our determination. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur. [Prior Case History: 2009 NY Slip Op 31185(U).]