■ EUGENE RACANELLI, INC., et al., Appellants, v INCORPORATED VILLAGE OF BABYLON et al., Respondents. [938 NYS2d 192]—

Under CPLR 9802, "no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued." Further, CPLR 9802 provides, "no other action shall be maintained

against the village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law." General Municipal Law § 50-e (1) (a) states that a notice of claim shall be served "within ninety days after the claim arises."

Here, the defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the plaintiffs failed to plead and prove compliance with CPLR 9802 (see *Salesian Socy. v Village of El-lenville*, 41 NY2d 521, 523 [1977]; *Judski v Village of Johnson City*, 226 AD2d 862, 863 [1996]; *Martz v Incorporated Vil. of Val. Stream*, 210 AD2d 205 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact. In his affidavit, the plaintiff Eugene Racanelli conceded that he did not file a notice of claim within 90 days after January 12, 2006, the date when his causes of action began to accrue. Consequently, as to the second, third, and fourth causes of action, alleging, respectively, unjust enrich-ment, equitable estoppel, and negligent and intentional misconduct, the plaintiffs did not comply with the 90-day notice of claim requirement of CPLR 9802 (see *Solow v Liebman*, 175 AD2d 867, 868 [1991]). As to the first cause of action alleging breach of contract, Racanelli claimed that he personally delivered written notice to the Village Clerk on December 11, 2006. He stated that after standing at a counter at the Village Clerk's Office without being assisted, he slammed the notice down and left. By delivering written notice in this manner, the plaintiffs did not comply with the requirement that notice be "filed with the village clerk" (CPLR 9802; see *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *Clune v Garden City Union Free School Dist.*, 34 AD3d 618, 619 [2006]; *Jones v City of New York*, 300 AD2d 359, 359-360 [2002]). Therefore, the plaintiffs did not timely file a written verified claim as to the first cause of action.

Since the plaintiffs clearly did not comply with CPLR 9802, that branch of their cross motion which was for leave to serve an amended complaint alleging compliance was properly denied, since the allegation of compliance was patently devoid of merit (see *Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986 [2010]).

The Supreme Court also properly denied that branch of the plaintiffs' cross motion which was for leave to serve a late writ-ten verified claim. Even assuming that leave to serve a late written verified claim for a breach of contract cause of action is permitted under CPLR 9802 (cf. General Municipal Law § 50-e [5]; *County of Rockland v Town of Orangetown*, 189 AD2d 1058

[1993]), the plaintiffs did not seek leave for an extension until the applicable statute of limitations had expired (*see Greco v Incorporated Vil. of Freeport*, 223 AD2d 674, 675 [1996]). Leave to serve a late notice of claim as to the second, third, and fourth causes of action was properly denied for the same reason (*id.*).

In light of our determination, the plaintiffs' remaining contentions have been rendered academic. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32210(U).]**