Matter of BT Holdings, LLC v Village of Chester (2018 NY Slip Op 04544)





Matter of BT Holdings, LLC v Village of Chester


2018 NY Slip Op 04544


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-02303
 (Index No. 7318/16)

[*1]In the Matter of BT Holdings, LLC, petitioner/plaintiff- respondent, 
v
Village of Chester, et al., respondents/ defendants-appellants.


Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Mary E. Marzolla, Patrick A. Knowles, and Dennis Lynch of counsel), for appellants.
Jacobowitz & Gubits, LLP, Walden, NY (Kelly A. Pressler and Kara J. Cavallo of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the respondents/defendants appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated February 15, 2017. The order, insofar as appealed from, denied that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment is granted.
In October 2016, BT Holdings, LLC (hereinafter BT Holdings), commenced this hybrid proceeding pursuant to CPLR article 78 and action for a judgment declaring that Local Law No. 2 of 2016 of the Village of Chester (hereinafter Local Law No. 2) is void and of no force or effect. The Village of Chester and Village of Chester Board of Trustees (hereinafter together the defendants) moved pursuant to CPLR 3211(a) to dismiss the amended petition/complaint, arguing, inter alia, that BT Holdings failed to serve a notice of claim as required under CPLR 9802. In an order dated February 15, 2017, the Supreme Court granted that branch of the defendants' motion which was to dismiss the causes of action asserted pursuant to CPLR article 78 and otherwise denied the motion. The defendants appeal from so much of the order as denied that branch of their motion which was to dismiss the causes of action for declaratory relief. We reverse the order insofar as appealed from.
Contrary to BT Holdings' contention, the notice of claim requirements of CPLR 9802 apply to the causes of action for declaratory relief (see Nioras v Village of Rye Brook, 74 AD3d 1036; Solow v Liebman, 175 AD2d 867, 868-869).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the causes of action for a judgment declaring that Local Law No. 2 is void and of no force or effect.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court