Matter of South Nyack Police Assn. v Village of S. Nyack (2024 NY Slip Op 03826)

Matter of South Nyack Police Assn. v Village of S. Nyack

2024 NY Slip Op 03826

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-01180
 (Index No. 30362/22)

[*1]In the Matter of South Nyack Police Association, et al., appellants, 
v
Village of South Nyack, et al., respondents.

Quinn Law Firm, PLLC, White Plains, NY (Lalit K. Loomba of counsel), for appellants.
Sokoloff Stern, LLP, Carle Place, NY (Brian S. Sokoloff and Chelsea Weisbord of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, which was converted into an action to recover damages for breach of contract and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 10, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for leave to reargue that branch of their prior motion which was to dismiss the complaint insofar as asserted against the defendant Village of South Nyack, which had been denied in an order of the same court dated July 15, 2022, and, upon reargument, vacated the determination in the order dated July 15, 2022, denying that branch of the prior motion, and thereupon granted that branch of the prior motion.
ORDERED that the order dated January 10, 2023, is affirmed insofar as appealed from, with costs.
As part of the March 2022 dissolution of the government of the Village of South Nyack, the Village police department disbanded, and its three remaining police officers were transferred to the police department of the Town of Orangetown pursuant to a written agreement. That agreement, which, inter alia, contained provisions concerning the officers' unused sick time, was executed by the three officers, as well as representatives of the Village, the Town, and the South Nyack Police Association. After their transfer to the Town police department, the three officers and the South Nyack Police Association (hereinafter collectively the plaintiffs) commenced a proceeding pursuant to CPLR article 78 against the Village and the Village's mayor and trustees (hereinafter collectively the defendants), seeking to compel the Village to compensate each officer for certain unused sick time. The defendants moved, among other things, to dismiss the proceeding or, if the proceeding were converted to a plenary action, to dismiss the complaint insofar as asserted against the Village. The Supreme Court converted the proceeding into a plenary action, and, inter alia, denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the Village.
The defendants moved, among other things, for leave to reargue that branch of their prior motion which was to dismiss the complaint insofar as asserted against the Village based on the [*2]plaintiffs' failure to comply with notice of claim requirements pursuant to CPLR 9802. By order dated January 10, 2023, the Supreme Court, inter alia, granted leave to reargue, and, upon reargument, granted that branch of the defendants' prior motion which was to dismiss the complaint insofar as asserted against the Village. The plaintiffs appeal from the order dated January 10, 2023.
The Supreme Court providently exercised its discretion in granting leave to reargue (see id. § 2221[d][2]; Young v Crescent Coffee, Inc., 222 AD3d 704, 705).
Upon reargument, the Supreme Court properly directed dismissal of the complaint insofar as asserted against the Village for failure to comply with the notice of claim requirements of CPLR 9802 (see Nioras v Village of Rye Brook, 74 AD3d 1036). Pursuant to CPLR 9802, "no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued" (see HP Capital, LLC v Village of Sleepy Hollow, 68 AD3d 928, 929). Here, the plaintiffs failed to file a claim with the Village clerk. Contrary to the plaintiffs' contentions, a letter from their attorney to the mayor of the Village dated January 7, 2022, did not constitute a claim. While the letter was dated prior to the dissolution of the Village, it was not filed with the Village clerk (see Eugene Racanelli, Inc. v Incorporated Vil. of Babylon, 92 AD3d 635, 636) or verified by the claimants (see CPLR 3020[a]), did not identify the claimants, and did not refer to a contract claim. Accordingly, upon reargument, the court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the Village for failure to comply with notice of claim requirements pursuant to CPLR 9802.
BRATHWAITE NELSON, J.P., MALTESE, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court