Village of Allegany v City of Olean
2026 NY Slip Op 03555
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

VILLAGE OF ALLEGANY, PETITIONER-PLAINTIFF-APPELLANT-RESPONDENT, ET AL., PETITIONERS-PLAINTIFFS,
v
CITY OF OLEAN, REPONDENT-DEFENDANT-RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
289 CA 25-00152
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

BOND, SCHOENECK & KING, PLLC, BUFFALO (CHARLES D. GRIECO OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT-RESPONDENT.
HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT-APPELLANT.

Appeal and cross-appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered January 21, 2025, in a proceeding pursuant to CPLR article 78 and declaratory judgment action. The order, among other things, granted in part and denied in part the motion of petitioner-plaintiff Village of Allegany to dismiss respondent-defendant's counterclaims.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in its entirety and dismissing the counterclaims, and as modified the order is affirmed without costs.
Memorandum: Petitioner-plaintiff Village of Allegany (Village), among others, commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination of respondent-defendant, City of Olean (City), to charge the Village at a higher rate for sewer services than had been previously charged under the parties' longtime agreement. The City interposed several counterclaims, and the Village subsequently moved to dismiss the counterclaims on the ground that they asserted claims or legal theories that were not mentioned in the City's earlier notice of claim pursuant to CPLR 9802. Supreme Court granted the motion insofar as it sought to dismiss the City's second and sixth counterclaims and denied the motion insofar as it sought to dismiss the City's first, third, fourth, and fifth counterclaims. The Village appeals, and the City cross-appeals.
We agree with the Village on its appeal that the court erred in failing to grant the motion in its entirety, and we therefore modify the order accordingly. "CPLR 9802 sets forth the procedure by which certain actions against villages may be maintained" (Solow v Liebman, 175 AD2d 867, 868 [2d Dept 1991], lv dismissed 79 NY2d 977 [1992]). "In addition to providing for the maintenance of contract actions against villages, the statute also provides, in pertinent part, that 'no other action shall be maintained against [a] village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been made and served in compliance with [General Municipal Law
§ 50-e]' " (id. at 868-869, quoting CPLR 9802). Consequently, "[i]t is a condition precedent to, and indeed an essential element of, any cause of action . . . against a village that the [claimant] have served upon the village a notice of claim setting forth, inter alia, the nature of the claim and the items of damage or injuries claimed to have been sustained" (Gonzalez v Povoski, 149 AD3d 1472, 1474 [4th Dept 2017]; see General Municipal Law §§ 50-e [1], [2]; 50-i [1]; CPLR 9801, 9802; Salesian Socy. v Village of Ellenville, 41 NY2d 521, 523 [1977]). "A claimant need not state a precise cause of action in haec verba in a notice of claim . . . , but a claimant may not raise [*2]in the [pleading] causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim or assert a new one" (Gonzalez, 149 AD3d at 1474 [internal quotation marks omitted]; see O'Dell v County of Livingston, 174 AD3d 1307, 1308-1309 [4th Dept 2019]). Furthermore, "the requirements of notice of claim statutes[, including CPLR 9802,] apply to the filing of counterclaims" (Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d 703, 705 [2d Dept 2022], lv granted 44 NY3d 904 [2025]; see e.g. Village of Val. Stream v Zulli, 64 AD2d 609, 609-610 [2d Dept 1978]; Hart v East Plaza, 62 AD2d 113, 117 [4th Dept 1978], lv dismissed 45 NY2d 706, 776 [1978]). "[T]he notice of claim requirements of CPLR 9802 [also] apply to . . . causes of action [or claims] for declaratory relief" (Matter of BT Holdings, LLC v Village of Chester, 162 AD3d 881, 881 [2d Dept 2018], lv denied 32 NY3d 913 [2019]; see Marsh Sanctuary, Inc. v Town of Mount Kisco, 241 AD3d 1329, 1330-1331 [2d Dept 2025]).
Here, the notice of claim was premised exclusively on the theory that the City was entitled to monetary damages and a declaratory judgment based on the Village's alleged breach of the parties' agreement. Conversely, the City's first counterclaim seeks a declaration that the agreement had actually expired before the breach alleged in the notice of claim, and the third counterclaim seeks monetary damages for debt allegedly incurred by the Village after the purported expiration of the agreement. The fourth and fifth counterclaims for quantum meruit and unjust enrichment, respectively, are also premised on legal theories other than breach of contract. We thus conclude that those counterclaims improperly raise claims or legal theories "that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim[s] or assert . . . new one[s]" (Gonzalez, 149 AD3d at 1474 [internal quotation marks omitted]). For the same reason, contrary to the City's contention on its cross-appeal, the court properly granted the motion insofar as it sought to dismiss the second counterclaim seeking a declaration that the City lawfully charged the Village for sewer services at the non-resident commercial use rate following expiration of the agreement and the sixth counterclaim seeking a declaration that the Village had violated the Environmental Conservation Law and local law in its operation of its sewer system (see id.). We have reviewed the City's remaining contentions and conclude that, to the extent that those contentions are properly before us, they lack merit.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court