■ RALPH C. SUTRO Co., Respondent, v CARLOS VALENZUELA et al., Appellants, and WILLIAM LOMBARDO, Intervenor-Defendant-Respondent.—In an action to foreclose a mortgage, defendants appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated November 21, 1983, which, after a hearing, denied their motion to vacate a judgment of foreclosure, entered upon their default, and to set aside a referee's sale of the mortgaged property to plaintiff, as well as a subsequent sale of the property by plaintiff to the intervenor-defendant.

Order reversed, on the law and the facts, with one bill of costs payable by respondents, that branch of the defendants' motion which was on behalf of defendant Sonia Valenzuela is granted, the judgment of foreclosure of the Supreme Court, Queens County, entered January 7, 1983 as against said defendant is vacated, the complaint as against said defendant is dismissed, and the county register, upon service upon him of a copy of the order to be entered hereon, with notice of entry, is directed to cancel any deeds or parts thereof as of record purporting to convey said defendant's interest in the premises, and that branch of the motion which was on behalf of defendant Carlos Valenzuela is remitted to Special Term for further proceedings consistent herewith.

Defendants moved to vacate a judgment of mortgage foreclosure, entered upon their default, and to set aside the referee's sale of the mortgaged property to plaintiff and plaintiff's subsequent sale of the premises to the intervenor-defendant. The grounds for the requested relief were, *inter alia,* that defects in the service of the summons and complaint upon defendants rendered the judgment void and that defendants' defaults were the result of the plaintiff's inequitable conduct. A traverse hearing was held which resulted in a determination by the hearing court that service had been properly effectuated upon both defendants.

We find, however, that service of process was not made upon defendant Sonia Valenzuela. The process server testified that he went to the property address and that the door was answered by a Spanish-speaking woman who appeared to be about 50 years old and whom he assumed to be Sonia Valenzuela. He served her with two copies of the summons and

complaint, one for personal service upon Sonia Valenzuela and one for substituted service upon Carlos Valenzuela. He realized the woman spoke no English, but nevertheless tried to explain to her in English the contents of the papers. The evidence shows that at the time service was attempted, Sonia Valenzuela, then about 33 years old, was at work and that the woman actually served was her mother, Mrs. Rico. Under the circumstances herein, the court did not acquire jurisdiction over Sonia by personal service of process upon her mother (*see, McDonald v Ames Supply Co.,* 22 NY2d 111). Accordingly, the judgment of foreclosure as against Sonia Valenzuela should be vacated and the complaint dismissed as against her (*see, McMullen v Arnone,* 79 AD2d 496).

With respect to the service of process upon Carlos Valenzuela, the evidence establishes the adequacy of substituted service pursuant to CPLR 308 (2). We find no merit to Carlos' contention that his mother-in-law, Mrs. Rico, was not a person of suitable age and discretion for the purpose of receiving process (*see, e.g., Nuez v Diaz,* 101 Misc 2d 399). By her own testimony, Mrs. Rico (through an interpreter), acknowledged that she knew the served papers were intended for Carlos, and she delivered them to him when he returned from work that same day. (Mrs. Rico made no similar acknowledgment as to Sonia, and in any event, the plaintiff did not seek to establish that substituted service had been made upon Sonia.)

However, Carlos' contention that the motion to vacate should have been granted as to him pursuant to CPLR 5015 (a) (3) on the basis that he was induced into defaulting by the extrinsic fraud or the inequitable conduct of plaintiff's employee cannot be determined on this record. While Carlos Valenzuela's testimony at the traverse hearing as to the manner in which he was allegedly induced into not appearing in this action is essentially unrebutted on this record, the hearing was limited only to the issue of the validity of the service of process upon defendants. Therefore, we conclude that a hearing should be held at which time the claim of extrinsic fraud can be fully explored and determined (*see, Shaw v Shaw,* 97 AD2d 403).

We have examined defendants' remaining contentions and find them to be without merit. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.