■ CURTIS CASE, INC., Appellant, v CITY OF PORT JERVIS, Respondent.—In an action to recover damages for the negligent issuance and the wrongful revocation of a building permit for the construction of storage warehouses, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated September 29, 1987, as granted the cross motion of the defendant City of Port Jervis, *inter alia,* to dismiss the complaint for failure to state a cause of action based upon the plaintiff's untimely service of a notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The gravamen of the plaintiff's complaint to recover damages against the defendant for the negligent issuance and the wrongful revocation of a building permit to construct storage warehouses in a commercial service zone sounds in tort, requiring compliance with the notice of claim requirements of General Municipal Law § 50-e. The revocation of the building permit occurred on October 18, 1985, which was the date of the accrual of the causes of action, if any, pleaded in the complaint *(see, Band v Town of Colonie,* 36 AD2d 785). The plaintiff served a notice of claim on January 30, 1986, after the expiration of the 90-day statutory filing period *(see,* General Municipal Law § 50-e [1] [a]).

Contrary to the plaintiff's contention on appeal, a review of the record does not warrant a finding that the defendant waived the plaintiff's noncompliance with General Municipal Law § 50-e (1) (a) *(cf., Salesian Socy. v Village of Ellenville,* 41 NY2d 521; *King v City of New York,* 90 AD2d 714). Although the defendant's failure to specifically deny in its answer paragraph "13" of the complaint constitutes an admission of the factual allegation that a notice of claim was served on January 30, 1986 *(see,* CPLR 3018), the defendant's omission is not an admission of the pleaded legal conclusion that service was timely *(cf., Silberstein v Presbyterian Hosp.,* 96 AD2d 1096), particularly where the answer asserts as an affirmative defense the complaint's failure to state a cause of action. Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.