■ Board of Managers of Whispering Pines at Colonial Woods Condominium II, Respondent-Appellant, v Whispering Pines Associates et al., Defendants, and Steven A. Klar et al., Appellants-Respondents. (And a Third-Party Action.) [614 NYS2d 160] —In an action, *inter alia,* to recover damages for breach of fiduciary duties, (1) the defendants Steven A. Klar, David Brodsky, and Marvin Millich appeal from so much of an

order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 20, 1991, as denied their motion to dismiss the plaintiff's seventh cause of action pursuant to CPLR 3211 (a) (7), and (2) the plaintiff appeals from so much of an order of the same court dated March 29, 1993, as denied its cross motion for summary judgment dismissing the seventh affirmative defense and first counterclaim of the defendants Klar, Brodsky, and Millich and those same defendants cross-appeal from so much of that order as denied their motion for summary judgment dismissing the plaintiff's seventh cause of action.

Ordered that the order dated November 20, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 29, 1993, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We agree with the conclusion of the Supreme Court that the plaintiff's seventh cause of action stated a cognizable claim for breach of fiduciary duties owed by a sponsor-appointed, first board of managers of a condominium development (see, Board of Mgrs. v Fairway at N. Hills, 193 AD2d 322). Accordingly, the court correctly denied the defendants' motion to dismiss the plaintiff's seventh cause of action for failure to state a cause of action. The court likewise was correct in denying the motion and cross motion for summary judgment dismissing the seventh cause of action and the seventh affirmative defense and first counterclaim respectively, as issues of fact exist precluding any award of summary judgment on that cause of action, affirmative defense, and counterclaim. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.