■ Town of Brookhaven, Respondent, v FPD Tavern Corp. et al., Appellants. [641 NYS2d 387] —In an action for a permanent injunction prohibiting the defendants from operating an adult entertainment establishment as defined by the Code of the Town of Brookhaven, Chapter 85, § 85-1B, the defendants appeal from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated June 30, 1994, as granted the plaintiff's motion for summary judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1978, the defendants Frank and Pamela Dotzel purchased a bar, known as the Quarterpost, in the Town of Brookhaven, which had been operating as an adult entertainment establishment in an area not zoned for such a use, and they continued to operate it in such a manner. In 1988, the Dotzels, on behalf of the defendant FPD Tavern Corp., applied for a special permit to continue their adult entertainment business and were granted the permit. However, in accordance with a local law enacted on April 8, 1988 (Local Laws, 1988, No. 6 of the Town of Brookhaven), because the area was not zoned for adult entertainment establishments, the permit allowed the use only until January 1, 1993, when the defendants would be barred from such operations.

In October 1993 the plaintiff sought a permanent injunction against the defendants, barring them from operating the premises as an adult entertainment establishment. After issue was joined, the plaintiff moved for summary judgment, which was granted. On appeal, the defendants argue that issues of fact exist which preclude summary judgment.

In order to award summary judgment, a court must find that the movant has established its claim sufficiently to warrant the court as a matter of law to direct judgment in its favor (CPLR 3212 [b]), that there are no material triable issues of fact, and that the proof is tendered in admissible form (*see, e.g., Zuckerman v City of New York,* 49 NY2d 557; *Naughton v Mueller,* 203 AD2d 341). If the movant tenders sufficient admissible evidence, the burden shifts to the opponent to produce admissible evidentiary proof establishing that a material issue of fact does exist (*see, e.g., Leek v McGlone,* 162 AD2d 504).

The documentary evidence attached to the plaintiff's moving affidavit and the affidavit of the plaintiff's special investigator established that the defendants operated their establishment in a J-2 Business Zoning District, that the defendants were operating an adult entertainment establishment, that in April 1988 the Town Board passed a local law limiting adult entertainment establishments to L 1 Industrial District locations, and that the local law, under which the special permit was obtained, allowed the defendants to operate the adult entertainment establishment only through January 1, 1993.

The burden then shifted to the defendants to produce evidence in admissible form sufficient to establish the existence of a material issue of fact (*see, Zuckerman v City of New York, supra,* at 562). The defendants submitted an affirmation of their counsel, without personal knowledge, which was insufficient to defeat a motion for summary judgment (*see, Mogil v Town of Hempstead,* 152 AD2d 687). Moreover, none of the proof offered by the defendants raised a triable issue of fact which would defeat summary judgment.

The defendants' other arguments are either without merit or unpreserved for appellate review. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.