■ Board of Managers of Acorn Ponds at North Hills Condominium I et al., Respondents, v Long Pond Investors, Inc., et al., Appellants. [650 NYS2d 987] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated October 17, 1995, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendants' motion which were for summary judgment dismissing the fifth, sixth, and seventh causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

Although the current board of managers of a condominium

may seek recovery from the members of the initial board of managers for the breach of fiduciary duties owed to the condominium and its unit owners *(see, Board of Mgrs. v Fairway at N. Hills,* 193 AD2d 322), the plaintiffs failed to establish a basis for such liability on the part of the defendants, who were the sponsors of the condominium. The Supreme Court therefore should have granted those branches of the motion which were to dismiss the fifth, sixth, and seventh causes of action. Contrary to the defendants' contentions, however, the Supreme Court did not err in denying those branches of the motion which were to dismiss the plaintiffs' causes of action based on faulty construction of the condominium *(see, e.g., Gruber v Gencorelli,* 187 AD2d 560; *Rubenstein v East Riv. Tenants Corp.,* 139 AD2d 451). Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.