■ TICOR TITLE GUARANTEE COMPANY, Respondent, v HARRY BAJRAKTARI, Also Known as HAJDAR BAJRAKTARI, et al., Appellants. [689 NYS2d 95] —Order, Supreme Court, New York County (Carol Huff, J.), entered March 20, 1998, which, to the extent appealed from, granted plaintiff's motion for summary judgment for interest in the amount of $18,031.22 and dismissed defendants' counterclaim, unanimously affirmed, with costs.

Summary judgment was properly granted. In light of the agreement entered into by the parties providing for payment of interest on unpaid sums due and defendants' admissions that

payments of principal had not been paid when due and were still outstanding, plaintiff made a prima facie showing of its entitlement to judgment. The motion court's consideration of plaintiff's reply affidavit explaining the calculation of interest was not improper since the reply merely responded to defendants' argument (cf., *Clearwater Realty Co. v Hernandez*, 256 AD2d 100; *Azzopardi v American Blower Corp.*, 192 AD2d 453, 454). While defendants correctly contend that an accountant's unsworn letter should not have been considered, plaintiff's other submissions were sufficient to establish its entitlement to summary judgment.

The IAS Court properly considered that defendants did not contest that interest was owed since defendants' vague assertion that plaintiff was not entitled to what "it [was] now trying to collect" did not constitute a denial of the fact that interest was owed under the agreement. Defendants' conclusory and vague assertion was insufficient to raise a triable issue of fact, particularly since defendants admitted that an unpaid sum was owed under the agreement and did not deny that the agreement provided for payment of interest on unpaid sums (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Defendants' allegation that plaintiff breached the agreement is unsubstantiated since the letter on which defendants rely, written after defendants had already defaulted, does not establish plaintiff's breach. Defendants' counterclaim, based on the alleged breach, was properly dismissed. Defendants' remaining arguments regarding notice and plaintiff's choice of remedy are contradicted by the agreement and, accordingly, are without merit. Concur—Williams, J. P., Rubin, Mazzarelli, Andrias and Buckley, JJ.