■ ANNA GRGECIC, Respondent, v TOWN OF BEDFORD et al., Appellants. [694 NYS2d 160] —In an action to recover damages for the negligent issuance of a building permit, the defendants appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered June 15, 1998, which granted the plaintiff's motion for reargument of an order of the same court, dated January 12, 1998, *inter alia,* granting the defendants' motion for summary judgment dismissing the complaint and, upon reargument, denied their motion and granted the plaintiff's cross motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion for reargument is denied, and the order dated January 12, 1998, is reinstated.

On August 19, 1994, the defendant Town of Bedford issued a building permit authorizing the plaintiff to build a single-family residence on her property. After obtaining the building permit, the plaintiff began construction. On December 5, 1994, the defendant Bedford Wetlands Control Commission (hereinafter the Commission) determined that the plaintiff's

property was within a regulated watercourse area, and subsequently notified the plaintiff of its determination.

After unsuccessfully challenging that determination in a proceeding pursuant to CPLR article 78, the plaintiff had additional work performed on her property in order to comply with wetlands regulations and obtain a certificate of occupancy.

In March 1997 the plaintiff commenced the instant action against the Town and the Commission, alleging that they had erroneously indicated before the issuance of the building permit that her property was not subject to wetlands regulation, and that the Town had negligently issued a building permit to her based upon this mistaken belief. The defendants then moved for summary judgment on the ground that the plaintiff had failed to serve a notice of claim as required by General Municipal Law § 50-e, and the plaintiff cross-moved for leave to serve a late notice of claim. On reargument, the Supreme Court, *inter alia*, granted the plaintiff leave to serve a late notice of claim. We reverse.

The plaintiff contends that her time to serve a notice of claim commenced to run only when the exact amount of damages she sustained was ascertainable. This argument is without merit (*see, Reed v Mayor,* 97 NY 620). The cause of action accrued, at the latest, on or about December 5, 1994, when a determination was made that the property was within a regulated watercourse area (*see, Curtis Case v City of Port Jervis,* 150 AD2d 421; *cf., Okie v Village of Hamburg,* 196 AD2d 228). Accordingly, the motion for leave to serve a late notice of claim was clearly untimely. Bracken, J. P., Sullivan, Goldstein and McGinity, JJ., concur.