■ Town of Brookhaven, Respondent, v Joseph Mascia et al., Appellants. [833 NYS2d 519]—

In an action, inter alia, to enjoin the defendants from using or occupying a structure on their premises and to direct that the structure be demolished, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County, dated September 30, 2005, as granted the plaintiff's motion for summary judgment, and the plaintiff's separate cross motion to dismiss the defendants' affirmative defenses and counterclaims, and denied the defendants' motion for an award of costs and the imposition of a sanction against the plaintiff and the plaintiff's attorneys, and the defendant's separate motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) based upon the affirmative defense of lack of personal jurisdiction.

Ordered that the appeal from so much of the order and judgment as denied the defendants' motion for an award of costs and the imposition of a sanction is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the CPLR and the rules of this Court (*see* 22 NYCRR 670.9; CPLR 5528 [a] [5]); and it is further,

Ordered that the order and judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action, inter alia, for an injunction after the defendant Joseph Mascia was found guilty in the District Court, Suffolk County, of constructing a residence without a permit as required by local law (*see* Brookhaven Town Code § 85-17 [A]). Although a permit had initially been issued in 1998 for the construction of the residence the permit was later revoked on August 26, 1999 on the ground that the construction did not conform to the approved plan. The defendants did not contest the revocation of the building permit, but nevertheless continued the construction without a permit. The defendants since completed the construction and presently reside in the premises without a certificate of occupancy, also in violation of local law (*see* Brookhaven Town Code § 85-20 [A]).

A town is entitled to a permanent injunction to enforce its building and zoning laws upon demonstrating that the party sought to be enjoined is acting in violation of the applicable provisions of local law (*see* Town Law §§ 135, 268; *Town of Huntington v Albicocco*, 256 AD2d 330 [1998]; *Town of Islip v Clark*, 90 AD2d 500, 501 [1982]). In support of its motion for summary judgment seeking such relief here, the Town established its prima facie entitlement to judgment as a matter of law by demonstrating, on the basis of the prior criminal conviction of the defendant Joseph Mascia and the affidavits of the Town's building officials, that the defendants constructed the residence and were residing in it in violation of local law.

In opposition, the defendants failed to raise a triable issue of fact and did not establish that summary judgment should have been denied because discovery remained outstanding (*see* CPLR 3212 [f]). The denial of summary judgment pursuant to CPLR 3212 (f) requires a showing that the request for additional discovery is calculated to yield facts that would warrant the denial of summary judgment (*see Min Whan Ock v City of New York*, 34 AD3d 542 [2006]; *Downey v Schneider*, 23 AD3d 514, 517 [2005]). The defendants made no such showing here.

The Supreme Court correctly granted the Town's cross motion to dismiss the defendants' affirmative defenses and counterclaims and correctly denied the defendants' motion to dismiss the complaint based on the affirmative defense of lack of personal jurisdiction (*see Public Adm'r of County of N.Y. v Markowitz*, 163 AD2d 100 [1990]; *Ralph C. Sutro Co. v Valenzuela*, 113 AD2d 793, 794 [1985]). The defendants' arguments that the grounds upon which the building permit was revoked were insufficient are precluded by their failure to challenge the revocation in a timely fashion (*see Grgecic v Town of Bedford*,

264 AD2d 465 [1999]; *Solow v Liebman,* 202 AD2d 493 [1994]; *Curtis Case, Inc. v City of Port Jervis,* 150 AD2d 421 [1989]; *see generally Stage v Village of Owego,* 39 NY2d 1017 [1976], *affg* 48 AD2d 985 [1975]). This action is not barred by reason of Joseph Mascia's prior criminal conviction on the basis of the constitutional prohibition against double jeopardy since it seeks civil, rather than criminal, relief (*see Hudson v United States,* 522 US 93, 95-96 [1997]). Further, the defendants' remaining constitutional claims, first raised more than three years after the revocation of the building permit, are barred by the applicable statute of limitations (*see 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, 482 [1986], *cert denied* 481 US 1008 [1987]; *Mompoint v City of New York,* 299 AD2d 527, 528 [2002]). The remaining defenses are either unsupported by any facts (*see Citibank, N.A. v Walker,* 12 AD3d 480, 481 [2004]; *Petracca v Petracca,* 305 AD2d 566, 567 [2003]), not properly interposed in an answer (*see Jacobowitz v Leak,* 19 AD3d 453, 455 [2005]), or otherwise without merit.

The defendants' appeal from so much of the order of the Supreme Court as denied their motion for an award of costs and the imposition of a sanction against the plaintiff and the plaintiff's attorneys must be dismissed since the appendix filed by the defendants does not contain any of the papers filed by the plaintiff in opposition to their motion. As a result, we are unable to render an informed determination on the merits of the defendants' claims (*see Lucadamo v Bridge To Life, Inc.,* 12 AD3d 422 [2004]; *Kuriakose v Gray,* 4 AD3d 454, 455 [2004]). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.