■ VILLAGE OF WESTHAMPTON BEACH, Respondent, v DONALD J. CAYEA et al., Appellants. [919 NYS2d 913]—

In an action, inter alia, to direct the defendants to comply with the Code of the Village of Westhampton Beach by elevating their house onto pilings, the defendants appeal from an order of the Supreme Court, Suffolk County (Pines, J.), dated September 1, 2009, which granted that branch of the plaintiff's motion which was for summary judgment directing them to elevate the subject house onto pilings, and denied their separate cross motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with costs.

In August of 2001 the plaintiff, the Village of Westhampton Beach, issued a stop-work order to the defendant homeowners for making substantial improvements to their house in a flood plain without conforming to the Code of the Village of Westhampton Beach (hereinafter the Village Code), and undertaking other work without the requisite Village approval. Section 91-17 (A) of the Village Code provided, in pertinent part, that "substantial improvements shall be elevated on pilings, columns or shear walls." The defendants appealed the stop-work order to the Zoning Board of Appeals (hereinafter the ZBA), completed their construction work while the appeal was pending, and withdrew the appeal before the ZBA could make a ruling on the merits. The Village then commenced this action, inter alia, to direct the defendants to comply with the Village Code.

Having withdrawn their appeal of the stop-work order, and thereby failing to exhaust their administrative remedies, the defendants may not continue to dispute the fact that "substantial

improvements" were made to their house in violation of the Village Code (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978]; Matter of Aliano v Oliva, 72 AD3d 944 [2010]; Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717 [2007]). Moreover, if the defendants disagreed with the Supreme Court's preclusion of discovery on that issue, they should have pursued their appeal of the Supreme Court's July 10, 2008, order denying their motion to compel discovery, which appeal was dismissed for lack of prosecution.

The Village established its prima facie entitlement to judgment as a matter of law directing the defendants to elevate their house onto pilings since the equities are in favor of the Village (see Town of Brookhaven v Mascia, 38 AD3d 758 [2007]). The defendants' opposition fails to raise a triable issue of fact as to whether the equities weigh in their favor (see 44 CFR 59.24 [c]; 60.1; Town of E. Hampton v Buffa, 157 AD2d 714 [1990]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment directing the defendants to elevate their house onto pilings, and properly denied the defendants' separate cross motions for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.