*858 In this mortgage foreclosure action, the plaintiffs claimed that their mortgage was superior in priority to the interests claimed by the defendants East Sunset Park Realty, LLC (hereinafter East Sunset), and Flushing Preferred Funding Corp. (hereinafter Flushing), with respect to certain real property in Brooklyn. East Sunset and Flushing moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, alleging that they did not have constructive or actual notice of the plaintiffs’ mortgage interest, which had been improperly recorded (see Weill v East Sunset Park Realty LLC, 101 AD3d 859 [2012] [decided herewith]). Thereafter, the plaintiffs served an amended complaint adding the defendant TitleVest Agency, Inc. (hereinafter Title Vest), alleging that the plaintiffs’ predecessor in interest had hired TitleVest to record their mortgage and that Title Vest had done so negligently, causing it to be misindexed under the incorrect lot number in the Office of the City Register of the City of New York, Department of Finance (hereinafter the City Register). In its answer to the amended complaint, TitleVest alleged that the misindexing was due to the negligence of the City Register and asserted a cross claim for contribution and indemnification against the defendants City of New York and New York City Department of Taxation and Finance (hereinafter together the City defendants).
The City defendants moved for summary judgment dismissing the cross claim, asserting that they were shielded from liability pursuant to the doctrine of governmental immunity and that they did not have a special relationship with TitleVest which would give rise to a special duty of care apart from any duty they might owe to the public in general. In opposition, Title Vest did not advance any contention relevant to the issue of special duty but contended that governmental immunity does not apply where the act complained of is the misindexing of a mortgage. The Supreme Court granted the City defendants’ motion for summary judgment dismissing the cross claim, and Title Vest appeals.
“Government action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general” (McLean v City of New York, 12 NY3d 194, 203 [2009]; see Valdez v City of New York, 18 NY3d 69, 76-77 [2011]; Pelaez v Seide, 2 NY3d 186, 199-200 [2004]). Here, the Supreme Court held that the City defendants did not owe Title Vest a special duty of care and, thus, Titlevest could not recover on its cross claim against them. On appeal, TitleVest does *859 not dispute that the subject conduct by the City defendants was ministerial in nature and, thus, a special duty must be shown to exist in order to impose liability on them. However, Title Vest contends that its cross claim is solely one for contribution predicated on the City defendants’ liability for an alleged breach of their special duty to the plaintiffs, rather than a special duty running to Title Vest. This contention is improperly raised for the first time on this appeal and, therefore, is not properly before this Court (see Waterman v Weinstein Mem. Chapel, 49 AD3d 717, 718 [2008]). Accordingly, the Supreme Court properly granted the City defendants’ motion for summary judgment dismissing Title Vest’s cross claim against them. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.