■ INCORPORATED VILLAGE OF SEA CLIFF, Respondent, v MARIO LARREA, Doing Business as GOLD COAST COLLISION, et al., Appellants. [965 NYS2d 552]—

In an action pursuant to Village Law § 7-714, inter alia, to permanently enjoin the defendants from operating a motor vehicle repair shop at the subject premises, the defendants appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered August 13, 2012, which, upon an order of the same court entered July 27, 2012, granting the plaintiff's motion for summary judgment on the cause of action for a permanent injunction, permanently enjoined the defendants from operating a motor vehicle repair shop at the subject premises. The notice of appeal from the order entered July 27, 2012, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

The Incorporated Village of Sea Cliff commenced this action, inter alia, for a permanent injunction after a special permit to operate a motor vehicle repair shop at the subject premises was revoked by the Zoning Board of Appeals of the Village of Sea Cliff (hereinafter the ZBA), and the defendants continued to operate a motor vehicle repair shop on the premises.

In order to obtain a permanent injunction to enforce its zoning laws, the Village was required to demonstrate that the defendants were acting in violation of the applicable provisions of local law (*see Town of Brookhaven v Mascia*, 38 AD3d 758 [2007]; *Village of Chestnut Ridge v Roffino*, 306 AD2d 522, 523 [2003]; *Town of Brookhaven v FPD Tavern Corp.*, 226 AD2d 625 [1996]; *Town of Brookhaven v Spadaro*, 204 AD2d 533 [1994]; *Incorporated Vil. of Freeport v Jefferson Indoor Mar.*, 162 AD2d 434 [1990]). The Village established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the applicable provisions of the Village Code, the revoked special permit, the ZBA's determination to revoke the special permit, and an affidavit of the Village's Superintendent of Buildings averring, among other things, that the defendants continued to operate a motor vehicle repair shop on the premises after the special permit was revoked (*see Town of Brookhaven v Mascia*, 38 AD3d at 759). In opposition, the defendants failed to raise a triable issue of fact (*see id.*; *see also Laskowski v 525 Park Ave. Condominium*, 93 AD3d 822 [2012]; *Trojahn v O'Neill*, 5 AD3d 472, 473 [2004]; *Lebar Constr. Corp. v HRH Constr. Corp.*, 292 AD2d 506 [2002]; *Ticor Tit. Guar. Co. v Bajraktari*, 261 AD2d 156 [1999]). Accordingly, the Supreme Court properly granted the Village's motion for summary judgment on the cause of action for a permanent injunction. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.