HENRY HASSON et al., Respondents, v S.B.J. ASSOCIATES, LLC, et al., Appellants, and TOWN OF HUNTINGTON, Respondent. [985 NYS2d 905]—

In an action, inter alia, to compel the defendants to comply with a site plan approved by the Planning Board of the Town of Huntington in connection with a development known as the Greens at Half Hollow, and to recover damages for breach of contract and breach of fiduciary duties, the defendants S.B.J. Associates, LLC, Greens at Half Hollow, LLC, Steve Kaplan, Adriatic Development Corp., Russell Mohr, Joseph Lafferty, James Kaplan and Greens Golf Club, LLC, appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Pines, J.), dated August 24, 2012, which, upon an order of the same court dated May 1, 2012, denying those branches of their motion which were pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the first through fourth causes of action of the fourth amended complaint insofar as asserted against them, and granting the cross motion of the defendant Town of Huntington for summary judgment on its cross claim to compel the defendants to comply with the site plan, among other things, is in favor of the plaintiff and the defendant Town of Huntington and against the defendant Greens at Half Hollow, LLC, directing the defendant Greens at Half Hollow, LLC, inter alia, to comply with the subject site plan.

Ordered that judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Accepting the facts alleged in the pleadings as true, and according the plaintiffs the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83 [1994]), the fourth amended complaint was sufficient to state causes of action to recover damages for (1) breach of contract (*see Caprer v Nussbaum*, 36 AD3d 176, 200 [2006]), (2) breach of fiduciary duties (*see id.* at 192-193; *Board of Mgrs. of Acorn Ponds at N. Hills Condominium I v Long Pond Invs.*, 233 AD2d 472 [1996]; *Board of Mgrs. of Whispering Pines at Colonial Woods Condominium II v Whispering Pines Assoc.*, 204 AD2d 376 [1994]; *Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills*, 193 AD3d 322 [1993]), (3) unjust enrichment (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]; *IDT Corp. v Morgan*

*Stanley Dean Witter & Co.,* 12 NY3d 132, 142 [2009]), and (4) the imposition of a constructive trust (*see Henning v Henning,* 103 AD3d 778, 780 [2013]; *Marini v Lombardo,* 79 AD3d 932, 933 [2010]; *Cruz v McAneney,* 31 AD3d 54, 58 [2006]). Additionally, as pleaded, these causes of action are not time-barred (*see Gutman v Klein,* 26 AD3d 464 [2006]). Further, the documentary evidence submitted in support of the appellants' motion to dismiss the fourth amended complaint insofar as asserted against them did not utterly refute the plaintiffs' allegations, and did not conclusively establish defenses as a matter of law to any of the causes of action asserted in the fourth amended complaint (*see Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *Magnus v Sklover,* 95 AD3d 837 [2012]). Accordingly, the Supreme Court properly denied those branches of the appellants' motion which were pursuant to CPLR 3211 (a) (1), (5), and (7) to dismiss the first through fourth causes of action of the fourth amended complaint insofar as asserted against them.

Contrary to the appellants' contention, the Supreme Court properly granted that branch of the cross motion of the Town of Huntington which was for summary judgment on the portion of its cross claim seeking to compel the defendant Greens at Half Hollow, LLC (hereinafter GHH), to comply with a site plan approved by the Planning Board of the Town of Huntington (hereinafter the Planning Board) in connection with a development known as The Greens at Half Hollow. Where a town seeks to enforce its building and zoning laws, it is entitled to a judgment compelling such compliance upon demonstrating that the party sought to be enjoined is acting in violation of the applicable provision of local law (*see* Town Law §§ 135, 268; *Town of Southold v Estate of Edson,* 78 AD3d 816 [2010]; *Town of Brookhaven v Mascia,* 38 AD3d 758 [2007]; *Town of Huntington v Albicocco,* 256 AD2d 330 [1998]; *Town of Islip v Clark,* 90 AD2d 500 [1982]). The Town made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, the applicable provisions of the code of the Town of Huntington, the site plan approved by the Planning Board, and an affidavit of the Town's Environmental Planner averring, among other things, that GHH failed to comply with the site plan. In opposition, GHH failed to raise a triable issue of fact (*see Incorporated Vil. of Sea Cliff v Larrea,* 106 AD3d 876 [2013]; *Village of Westhampton Beach v Cayea,* 83 AD3d 692 [2011]).

We have not considered the appellants' contention that the applicable Town Code provisions are ultra vires and void, as this contention is improperly raised for the first time on appeal

(*see Esposito v Podolsky,* 104 AD3d 903 [2013]; *Weill v East Sunset Park Realty, LLC,* 101 AD3d 857 [2012]; *Town of Huntington v Beechwood Carmen Bldg. Corp.,* 82 AD3d 1203, 1207 [2011]).

The appellants' remaining contentions are without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.