*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 23, 2014       517360
_____

NEW YORK MUNICIPAL INSURANCE
    RECIPROCAL, as Subrogee of
    COUNTY OF SCHOHARIE,
                 Appellant,

     v

INTERNATIONAL TRUCK & ENGINE          MEMORANDUM AND ORDER
    CORPORATION,
                 Defendant,

    and

VIKING-CIVES USA, INC.,
                 Respondent.
_____

Calendar Date: September 3, 2014

Before: Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

    Congdon, Flaherty, O'Callaghan, Donlon, Travis &
Fishlinger, Uniondale (Avis Spencer Decaire of counsel), for
appellant.

    Thorn Gershon Tymann & Bonanni, LLP, Albany (Paul D.
Jureller of counsel), for respondent.

_____

Rose, J.

    Appeal from an order of the Supreme Court (Devine, J.),
entered March 4, 2013 in Schoharie County, which granted a motion
by defendant Viking-Cives USA, Inc. for summary judgment
dismissing the complaint against it.

Following a fire in a garage owned and operated by the County of Schoharie, plaintiff conducted an investigation revealing that the fire had started in a truck that the County had purchased from defendant International Truck & Engine Corporation over five years earlier. At the time of the purchase, the County had contracted with defendant Viking-Cives USA, Inc. (hereinafter defendant) to upfit the truck with a snow plow and dump body, which included the installation of a related hydraulic system. Plaintiff's investigation into the cause of the fire determined that the hydraulic hoses had been improperly bundled together with the truck's battery cables and that, when the battery cables became frayed due to normal wear and tear, an electrical arc had occurred which, in turn, ignited the hydraulic fluid and caused the fire. Plaintiff thereafter commenced this subrogation action asserting, among other things, causes of action based upon negligence and strict products liability against defendant, among others. Following discovery, defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. Plaintiff now appeals and we affirm.

"A manufacturer cannot be held liable in negligence or strict products liability 'where, after the product leaves the possession and control of the manufacturer, there is a subsequent modification which substantially alters the product and is the proximate cause of the plaintiff's injuries'" (Colonial Indem. Ins. Co. v NYNEX, 260 AD2d 833, 835 [1999], quoting Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 475 [1980]; see Liriano v Hobart Corp., 92 NY2d 232, 235-236 [1998]). Here, defendant presented the deposition testimony and affidavit of James LaParr, defendant's shop supervisor who was in charge of upfitting the subject truck. According to LaParr, International Truck had installed the battery box and tied the battery cables to brackets it had installed on the passenger side of the truck to hold the cables in place. Although defendant had to move the battery box and cables from the passenger side to the driver's side of the truck during the upfitting to accommodate a request from the County, LaParr testified that defendant also moved the brackets installed by International Truck to the driver's side and reattached the battery cables to the brackets. LaParr further testified that defendant thereafter installed the hydraulic system, separately routing the hydraulic hoses using

hangers that it had attached to the truck.

It is undisputed that, after the County took possession of the truck, the battery box was moved again. LaParr described how this subsequent movement of the battery box would have created slack in the battery cables, and that his inspection of the truck following the fire revealed that someone had taken up this slack by rerouting the battery cables through defendant's hangers that were holding the hydraulic hoses. Further, in a reply affidavit with an accompanying photograph, LaParr stated that he had observed an International Truck bracket on the driver's side of the truck during his inspection after the fire, which supported his testimony that defendant had moved the bracket to separately hold the battery cables when it moved the battery box during the upfit.[1] We agree with Supreme Court that defendant made a prima facie showing of entitlement to summary judgment by submitting proof that the subsequent modification of the truck, made after it had left defendant's control, resulted in the condition that ultimately caused the fire.

The burden therefore shifted to plaintiff to come forward with evidence sufficient to establish a question of fact requiring a trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). To that end, plaintiff submitted the affidavit of Douglas Rowland, a licensed professional engineer who concluded that defendant was responsible for the fire because there was no evidence that it had used separate brackets for the battery cables when it moved the battery box to the driver's side of the truck. His

---

[1] We disagree with plaintiff's contention that the evidence in LaParr's reply affidavit should not have been considered by Supreme Court. The evidence submitted in the affidavit properly countered plaintiff's argument in opposition to summary judgment that no physical evidence exists that defendant had harnessed the battery cables and hydraulic hoses separately (see Rondeau v Georgia Pac. Corp., 29 AD3d 1066, 1067-1068 [2006]; Ioele v Wal-Mart Stores, 290 AD2d 614, 615 [2002]; Ticor Tit. Guar. Co. v Bajraktari, 261 AD2d 156, 157 [1999]).

conclusion is belied, however, by the photographic evidence submitted with LaParr's reply affidavit.  Further, his opinion that the last movement of the box would not have created the need to reroute the battery cables is unsupported by any evidentiary foundation and, therefore, fails to raise a triable issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Gray v South Colonie Cent. School Dist., 64 AD3d 1125, 1128 [2009]; Stocklas v Auto Solutions of Glenville, Inc., 9 AD3d 622, 624 [2004], lv dismissed and denied 4 NY3d 738 [2004]). Accordingly, summary judgment was properly granted in defendant's favor.

Peters, P.J., Lahtinen, Garry and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court