Town of N. E. v Vitiello (2018 NY Slip Op 01497)





Town of N. E. v Vitiello


2018 NY Slip Op 01497


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-05923
 (Index No. 6041/10)

[*1]Town of North East, respondent, 
v
Erasmo Vitiello, et al., appellants.


Davidoff Hutcher & Citron LLP, New York, NY (Derek Wolman and Michael Wexelbaum of counsel), for appellants.
Warren S. Replansky, Rhinebeck, NY, for respondent.



DECISION & ORDER
In an action for injunctive relief, the defendants appeal from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated April 9, 2015, which, after a nonjury trial, and upon a decision dated January 21, 2015, inter alia, permanently enjoined and restrained the defendants and their successors and assigns from using, occupying, or permitting the use and occupancy of all or any portion of a residence located on property owned by the defendants in the Town of North East until such time as a certificate of occupancy is issued by the plaintiff in accordance with the requirements of the Town Code of the Town of North East and a decision of the Town of North East Zoning Board of Appeals dated April 28, 2005.
ORDERED that the judgment is affirmed, with costs.
The defendants constructed a residence on property they owned in the Town of North East. Following the denial of an application for a certificate of occupancy, the defendants applied to the Town of North East Zoning Board of Appeals (hereinafter the ZBA) for a variance to allow the issuance of a certificate of occupancy for the residence without meeting certain requirements regarding direct access to, or road frontage on, a public street. By decision dated April 28, 2005, the ZBA granted the variance subject to specified conditions. The defendants did not challenge that decision. Thereafter the plaintiff commenced this action to enjoin the defendants from occupying or otherwise using the residence until such time as a certificate of occupancy was issued. The Supreme Court, inter alia, granted judgment in favor of the plaintiff, and the defendants appeal.
Where a town seeks to enforce its building and zoning laws, it is entitled to a permanent injunction upon demonstrating that the party sought to be enjoined is acting in violation of the applicable provisions of local law (see Town Law §§ 135, 268; Hasson v S.B.J. Assoc., LLC, 117 AD3d 904, 905; Town of Brookhaven v Mascia, 38 AD3d 758, 759). Here, the plaintiff established its entitlement to a permanent injunction, where the evidence at trial demonstrated that the ZBA granted the defendants a variance to allow the issuance of a certificate of occupancy subject to specified conditions, and that the defendants failed to satisfy those conditions. In particular, a certificate of occupancy had not been issued, and the defendants were occupying the residence in [*2]violation of sections of the Town Code of the Town of North East which required the issuance of a certificate of occupancy before any building or structure may be used or occupied (see Town Code of the Town of North East former §§ 38-10, 98-60).
The defendants' remaining contentions are without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court