Padovani v New York State Energy Research & Dev. Auth. (2025 NY Slip Op 51485(U))

[*1]

Padovani v New York State Energy Research & Dev. Auth.

2025 NY Slip Op 51485(U)

Decided on September 22, 2025

Supreme Court, Schoharie County

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 22, 2025
Supreme Court, Schoharie County

Paul A. Padovani, individually and on behalf of others similarly situated, Plaintiff,

against
New York State Energy Research and Development Authority, and 
 CONCORD SERVICING LLC, Defendants.

Index No. 903312-25

LETITIA JAMES 
Attorney General of the State of New York 
Attorney for Defendant NYSERDA 
By: ELAINE M. DRISCOLL 
Assistant Attorney General 
44 South Broadway, 5th Floor 
White Plains, New York 10601 
Attorneys for Plaintiff:
KAPLAN FOX & KILSHEIMER, LLP
By: Ariana J. Tadler, Esq. 
A.J. de Bartolomeo, Esq. 
800 Third Avenue, 38th Floor 
New York, NY 10022 
MOREA SCHWARTZ BRADHAM FRIEDMAN & BROWN LLP
John M. Bradham, Esq. 
Peter B. Katzman, Esq. 
400 Madison Avenue, Suite 17D 
New York, NY 10022 
Kristian Kraszewski, Esq. 
KYROS LAW 
525 Altara Avenue 
Coral Gables, FL 33146
Attorney for Defendant Concord Servicing: 
Joseph R. Scholz, Esq. 
McCarter & English 
100 Mulberry Street 
Newark, New Jersey 07102

Peter A. Lynch, J.

INTRODUCTION
This is an action for money damages for breach of contract and deceptive practices (GBL § 349), in which Plaintiff also seeks class action certification pursuant to CPLR §901 et seq., and injunctive relief.[FN1]

STATEMENT OF FACTS
Plaintiff claims Defendant New York State Energy Research and Development Authority (hereinafter NYSERDA) administers the Smart Energy Loan Program ("Program"), and that the program is serviced by defendant Concord Servicing LLC ("Concord"). The program provided a loan to plaintiff for home improvements, and plaintiff entered "a Note, Disclosure, and Security Agreement ("Agreement") with NYSERDA c/o Concord."[FN2]
Plaintiff objects to the allegedly deceptive way the loan payments are accounted for, alleging:
"Concord created a billing system for the homeowners who missed or were late on a monthly payment that made it impossible for the homeowners to pay their bills in full even when they promptly paid the "Amount Due" in full. When the homeowners paid the "Amount Due" on Concord's bills, Concord applied their payments to the "Amount Past Due" and principal, but not to the full amount currently due. Concord thereby continuously generated late fees despite the timely payment of the full "Amount Due," according to the bills it sent to Plaintiff.
As a result of Concord's foregoing billing practices, Plaintiff and Class Member homeowners were caught in a never-ending cycle in which they could never become current on their payments; late fees were wrongly assessed; and monthly payments were wrongly applied to principal instead of the full amount due."[FN3]
(Emphasis added)
Plaintiff also claims defendants charge excessive late fees in breach of the agreement.[FN4]
Plaintiff claims that defendant Concord admitted plaintiffs' complaint was common amongst other customers.[FN5]
Plaintiff seeks class certification for similarly situated consumers.[FN6]

MOTION TO DISMISS PART OF 
 COMPLAINT SEEKING CALSS CERTIFICATION AND INJUNCTIVE RELIEF [FN7]

Pursuant to CPLR 3211, defendant NYSERDA moved to dismiss that part of the complaint that seeks (i) class certification and (ii) an Order granting injunctive and equitable relief. Defendant claims plaintiff failed to timely move for class certification. Moreover, defendant claims certification is unnecessary since it is a governmental entity. Last, Defendant asserts that the plaintiff failed to allege sufficient facts to establish irreparable injury and seeks dismissal of the claim for injunctive relief.
Prior to filing the motion issue was joined. Once joined, a motion pursuant to CPLR 3211 (e) is not permitted. The Court will, however, treat the motion as one under CPLR 3212 (See Right Aid Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 2020 NY Misc. LEXIS 6983 [Appellate Term 2nd Dept. 2020]).

MOTION FOR CLASS CERTIFICATION [FN8]

Plaintiff claims that he, along with other consumers under the program, enjoy a commonality of interests, i.e., being subjected to the claimed deceptive billing practice. Plaintiff seeks an order (a) certifying the proposed Class; (b) appointing him as Class Representative; and (c) appointing his counsel as Class Counsel.
By Stipulation of the parties, approved by the Court, the return date for Motion Seq. No. 4 will be reset once discovery is complete.[FN9]

TIMLINESS OF APPLICATION FOR CLASS CERTIFICATION
The first order of business is to determine whether motion for class certification is timely.
CPLR § 902 provides, inter alia:
Within sixty days after the time to serve a responsive pleading has expired for all persons named as defendants in an action brought as a class action, the plaintiff shall move for an order to determine whether it is to be so maintained. An order under this section may be conditional, and may be altered or amended before the decision on the merits on the court's own motion or on motion of the parties . . . (Emphasis added)
The 60-day filing directive is mandatory, i.e., "shall." (See e.g. Kensington Gate Owners, Inc. v. Kalikow, 1984 NY App. Div. LEXIS 16706 [2d Dept. 1984]).
Here, defendant's responsive pleadings were due on or before 11/21/2024 by stipulation of the parties, yet NYSERDA's answer wasn't served until December 4, 2024, and Concord's was filed January 3, 2025, all without objection.[FN10]
Thus, under a liberal view of the 60-day filing [*2]period under CPLR § 902, it expired on March 3, 2025. Plaintiff filed its application for class certification on July 27, 2025, and, technically, was untimely.[FN11]
That does not, however, end the inquiry!
The Court has the discretion to extend the time for filing an application for class certification for "good cause" (Ortega v. Skyworx Contr. Inc.,221 AD3d 463 [1st Dept. 2023]; FaÇade Tech. v. Cny Constr. 701 Llc, 200 AD3d 607 [1st Dept. 2021]; CPLR 2004). This Court is mindful that plaintiff moved for leave to file an application for class action certification, after, and in response to defendant's motion to dismiss that part of plaintiff's complaint seeking class certification status. While Plaintiff claimed the 60-day filing period ran from the filing of its Amended Answer and is timely, standing alone, that argument is unpersuasive. The record, however, does show that Counsel had engaged in cooperative efforts, stipulating to extend the time to answer in the first instance, stipulating relative to responding to a change of venue motion, entering stipulations relative to discovery and confidentiality, and not objecting to the late filing of the defendants' answers.[FN12]
(See Gerard v Clermont York Assoc. LLC 143 AD3d 478 [1st Dept. 2016], where the Court found good cause to file late, holding, inter alia:
" . . . the impact of the very brief delay was minimal, and defendant cannot claim that time was of the essence, given its history of both seeking and granting extensions . . . " (emphasis added)
Apart from the foregoing, during the same time for the filing of the application for class certification, a change of venue motion was also pending, and granted by the Court on February 25, 2025.[FN13]
In context of the modest 4-month delay in filing (i.e., March to July 2025), I see no prejudice to defendants arising out of the late filing of the application for class certification. It is the determination of the Court that the filing of the application for class certification is extended to July 27, 2025, and it is deemed timely.

PERMANENT INJUNCTION
Defendant NYSERDA moved to dismiss that part of the complaint seeking injunctive relief.
Pursuant to CPLR §6301, "a preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do . . . an act in violation of the Petitioner's rights respecting the subject action, and tending to render the judgment ineffectual, or in any action where the Petitioner has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the Petitioner" (see also CPLR § 6311 and CPLR Rule 6312 (a)). The movant must demonstrate: "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor" (see c.f. Doe v. Axelrod, 73 [*3]NY2d 748, 750 [1988], where Court set review standard but held Petitioner failed to meet its burden of proof). The grant or denial rests in the sound discretion of the Court.
The standard for a permanent injunction is essentially the same as that of a preliminary injunction but requires that the party seeking the injunction prevail on the underlying merits of the case (see 
Town of N. E. v Vitiello, 159 AD3d 766 [2d Dept. 2018]; Town of 
Brookhaven v. Mascia, 38 AD3d 758, 759 [2d Dept. 2007]).
The Court notes that plaintiff has not moved for a preliminary injunction but seeks a permanent mandatory injunction, i.e., to compel "Defendants to utilize fair and equitable methods, policies, and practices with respect to billing, charging, collecting, and allocating payment to Plaintiff's and Class Members' accounts."[FN14]
Such relief is an extraordinary remedy (See Malinski v. State of New York, 238 AD3d 1307, 1309-1310 [3d Dept. May 2025], where the Court held,
"Permanent injunctive relief is an extraordinary remedy to which a suitor has no absolute right but which may be granted or withheld by a court of equity in the exercise of its discretion. A movant seeking a permanent injunction must demonstrate that there [is] a violation of a right presently occurring, or threatened and imminent, that [the movant] has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in [the movant's] favor. Moreover, a mandatory injunction compelling the State to act will not be granted unless the benefit to the movant if the injunction were granted and the irreparable harm to the movant if the injunction were not granted substantially outweighs the injury to the party against whom the injunction is sought. Since a permanent injunction is a final judgment, it is normally only granted after a trial. However, a court may deny a request for permanent injunctive relief as a matter of law at the summary judgment phase where no questions of fact need be resolved to determine the movant's entitlement to such extraordinary relief.") (Internal quotations and citations omitted; emphasis added).
Here, Plaintiff seeks relief both in the form of a money judgment and a permanent mandatory injunction to stop the claimed deceptive billing practices (c.f., Rockefeller v. Leon, 233 AD3d 904, 908 [2d Dept. 2024], where the Court denied injunctive relief, holding,
"Here, the plaintiffs failed to allege any noneconomic damages. The plaintiffs' request for damages was solely in the form of a money judgment. Thus, the plaintiffs failed to demonstrate that they would suffer an irreparable injury absent the permanent injunction sought and were not entitled to such relief.")

 In this court's view, defendant's motion to dismiss the claim for permanent injunctive relief is premature and is denied without prejudice.
 
 CONCLUSION

For the reasons set forth above, Defendant NYSERDA's motion to dismiss that part of the complaint seeking a class certification and injunctive relief is denied.
This memorandum constitutes both the decision and order of the Court.[FN15]

Dated: September 22, 2025
Albany, New York
PETER A. LYNCH, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc. No. 1 — Complaint.

Footnote 2:NYSCEF Doc. No. 1 — Complaint. ¶ 14.

Footnote 3:NYSCEF Doc. No. 1 — Complaint. ¶ 4 and 5.

Footnote 4:NYSCEF Doc. No. 1 — Complaint. ¶ 19.

Footnote 5:NYSCEF Doc. No. 1 — Complaint. ¶ 18.

Footnote 6:NYSCEF Doc. No. 1 — Complaint. ¶ 22.

Footnote 7:NYSCEF Doc. No. 44.

Footnote 8:NYSCEF DOC No. 52 — Mot Seq. No. 4.

Footnote 9:NYSCEF DOC No. 62.

Footnote 10:NYSCEF Doc. No. 4, 19, and 20.

Footnote 11:NYSCEF Doc. No. 52. 

Footnote 12:NYSCEF Doc. Nos. 4, 7, 28, and 42.

Footnote 13:NYSCEF Doc. No. 26.

Footnote 14:NYSCEF Doc. No. 1 — Complaint Wherefore clause.

Footnote 15:Compliance with CPLR R 2220 is required.